1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

AGUSTIN HERRERA, on behalf of
himself and others similarly situated,

                Plaintiff,

vs.

COUNTY OF LOS ANGELES, et al.

              Defendants

CASE NO. CV 22-1013-HDV-PDx

[Hon. Judge Hernan Vera]

***REVISED*** ~~[PROPOSED]~~
**PRELIMINARY APPROVAL ORDER;
EXHIBITS A-C**

The parties have submitted this joint Revised Preliminary Approval Order of the Class Settlement for the Court's review. The Court has reviewed and considered the Settlement Agreement (Exhibit A hereto) (the "Settlement Agreement") and the exhibits attached thereto, which have been approved by the parties. The County of Los Angeles has approved the settlement, subject to the final approval of the Court. The Court made certain suggestions regarding the scope of the releases, to which the parties have agreed, and which have been incorporated into the parties' Settlement Agreement as an Addendum. The complete revised Settlement Agreement, inclusive of the Addendum, is attached as Exhibit A.

The Named Plaintiff/Class Representative is Agustin Herrera, who was detained in both Los Angeles County Juvenile Halls and Juvenile Camps during the class period (February 15, 2002, to the present, as defined in the contemporaneously filed motion for class certification). The Defendants are the County of Los Angeles, and various employees and sub-entities of the County.

Plaintiff and the Class contend that that the living conditions within the Los Angeles County juvenile halls and camps were/are dehumanizing, inherently punitive and inflicted harms upon detained youth that are independent from and/or exceed the inherent discomforts of confinement. With regard to living conditions, Plaintiffs assert that the Los Angeles County Probation Department maintained policies, practices and customs that resulted in consistently dehumanizing conditions of confinement. These conditions include lack of access to bathrooms and being forced to urinate and defecate in their cells, using milk cartons, towels, trash receptacles or anything else they can find; wearing dirty underwear used by others; sleeping with insufficiently warm bedding and clothing; living under the constant threat of excessive and unreasonable use of chemical force (pepper spray) and the excessive and unreasonable use of room confinement (i.e. solitary confinement); illegal shackling; and lack of access to rehabilitation programming

1

and outdoor recreation.  Plaintiffs contend that these conditions are inherently punitive and contribute to the further traumatization of youth, undermining rehabilitation and mental health outcomes, and are not reasonably related to any legitimate penological interests.

Plaintiffs further contend that Los Angeles County violated juvenile detainees' constitutional rights by maintaining policies, practices and customs that resulted in the excessive and unreasonable use of mechanical restraints, excessive use of solitary confinement/room confinement, and excessive use of pepper spray; that these conditions were inherently punitive, and constituted an exaggerated and unconstitutional response to the safety needs of the Probation Department, in violation of both the Fourth and Fourteenth Amendments.

Plaintiffs also assert that Defendants acted with deliberate indifference to the serious mental health needs of youth confined to the juvenile halls by failing to provide sufficient assessments, sufficient individual and group mental health treatment, comprehensive ongoing assessment and crisis de-escalation, and that Defendants similarly failed to provide an environment conducive to psychiatric treatment by confining youth to living environments with squalid and retraumatizing conditions that exacerbated their mental health conditions undermined therapeutic progress.

While Defendants dispute the validity of Plaintiffs' allegations, the parties have agreed to enter into this Settlement Agreement to avoid the mutual risks of further litigation.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**I.      PRELIMINARY APPROVAL OF SETTLEMENT**

1.      This Order incorporates by reference the definitions in the Settlement Agreement, a copy of which is attached to this Order as Exhibit A, and also incorporates Exhibits B through C, thereto. All terms defined therein shall have the same meaning in this Order.

2

2.      Although at the time of the filing of the motion for preliminary approval of the settlement, a class had not yet been certified, the settlement was contingent on the court granting certification of a Rule 23 damages class, which the Court has done contemporaneously with granting the instant motion.

3.      The Settlement Agreement is hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. The Court finds that the non-reversionary class settlement fund of $30,000,000 and its proposed allocation, and the other provisions contained within the Settlement Agreement, are within the range of what would constitute a fair, reasonable, and adequate settlement in the best interests of the Class as a whole, and that the terms of the Settlement Agreement otherwise satisfy the Federal Rules of Civil Procedure 23(e) and due process requirements.

4.      More specially, the Court preliminarily finds that 1) Mr. Herrera is an adequate class representative, that Plaintiffs' counsel are experienced class action and civil rights litigators, and that, although discovery was conducted cooperatively, Plaintiffs' counsel thoroughly investigated the issues and obtained sufficient information to assess the claims; 2) the settlement was negotiated at arms' length with the assistance of an experienced mediator, Antonio Piazza; 3) the final settlement of $30,000,000 represents a positive result for class members, with a mean recovery for class members after fees and costs of $8000 or more, considering the risks, and the costs and delay of trial and appeal; 4) the proposed settlement includes a fair and effective means of distributing the settlement to class members in the form of direct monetary compensation; 5) class members were treated equitably, based on an objective standard of the number of detention days, with a reasonable balancing of the value of juvenile camp days versus hall days; 6) any attorney's fees to be awarded are to be decided by the Court based on a percentage of the fund, which ensures that any awarded attorney's fees will be reasonable; 7) the proposed incentive award to class representative Herrera is

reasonable when viewed in the context of the settlement as a whole.

5.    Accordingly, the Court concludes that it is likely that the aforementioned substantive standards for final approval of the settlement will be satisfied at final approval.

## II.    DEADLINES FOR NOTICE, FILING OBJECTIONS AND OPT-OUTS, AND DATE OF FAIRNESS HEARING

6.    The Court has set the following dates for purposes of this class action:

(a) Final identifying/contact information for class members and parents/guardians, to the extent not already provided, will be provided to Class Administrator Simpluris no later than 04/23.2025

(b) By 04/23.2025, the County of Los Angeles shall make its best and good faith efforts to obtain in computerized flat file format the names and dates of birth of all class members who are presently in custody of the Los Angeles Sheriff's Department or Los Angeles Probation Department, including any LA County jail facilities, juvenile halls, juvenile camps or SYTF programs, and shall provide such information to the claims administrator and class counsel.  To the extent practicable, the County shall advise the administrator of the class members' custodial facility.

(c) By 05/23/2025, a Class member website shall be established and updated to reflect the preliminary approval order and to permit class members to submit claims online;

(d) By 05/28/2025 (or earlier): signage shall be posted at all LA County Juvenile Halls and Camps advising prisoners and detainees of settlement and how to make a claim and how to request a claim form;'

(e) By  05/28/2025 (or earlier): First round of class notice shall be sent, inclusive of email, text and first-class mail to all class members and their parents/guardians;

(f) By 06/09/2025 (or earlier): summary publication in Prison Legal News (a publication widely distributed to inmates throughout the country) and begin selective social media/online outreach directly targeting class members' Facebook and/or Instagram accounts;

(g) 06/27/2025: The Class Administrator will send reminders to class members through email/text blasts to file claims;

(h) 07/25/2025: The Class Administrator will send another round of reminders to class members through email/text blasts to file claims

(i) 08/29/2025: The Class Administrator will send another round of reminders to class members through email/text blasts to file claims

(j) 09/29/2025: The Class Administrator will perform a new skip trace for any class members who have not responded and will re-send notice by email, text, potentially other means of electronic notice and regular mail. (This provides for a second round of regular mail notice).

(k) By 09/29/2025: Filing of Plaintiffs' Motion for Award of Attorneys' Fees and Costs;

(l) By 10/29/2025: The Class Administrator will send a final additional round of reminder notices by email and text and US mail to any class members who have not filed claims.

(m) 11/28/2025: Deadline to 1) file Class claims; 2) file Class Members' Objections to any aspect of the Settlement (including Plaintiffs' Motion for Award of Attorneys' Fees and Costs); 3) to opt out of the Settlement: Must be postmarked or received by that date;

(n) 12/29/2025: Deadline to file proposed final approval order, motion for final approval of settlement, including responses to any objections;

(o) 01/28/2026: Final Approval hearing.

7.    In the event that the class notice is not communicated through text

5

message, email and regular mail by the deadlines set forth above, the subsequent dates contained herein will be deferred for the number of additional days before such notice occurs without the need for additional Court approval. However, the Court must approve any change of the date of the Final Approval Hearing.

8.    The Parties have identified exclusively from Los Angeles County and Los Angeles Juvenile Court records Damages Class Members based on who was detained in a Los Angeles County Juvenile Hall or Juvenile Camp; who was born on or after February 15, 2002, continuing until final approval of the settlement; and to whom class notice was sent or attempted to be sent.

9.    If, pursuant to a subpoena, CDCR is able to efficiently identify currently incarcerated class members, Los Angeles County will send CDCR a confidential list of class members to be cross-referenced against CDCR's databases.

## III.    <u>SETTLEMENT TERMS.</u>

10.    In summary, the settlement's basic terms are that Defendants will provide payment of a total of Thirty Million dollars ($30,000,000) into a Class Fund. From that amount, the following awards will be made, subject to court approval:

   a.   Incentive award to Agustin Herrera in the amount of $25,000.

   b.   Payment of the third-party class settlement administration costs to the chosen class administrator, Simpluris, estimated at a maximum of $163,000.

   c.   Plaintiffs will file a motion for attorneys' fees and costs to be approved by the court. The settlement agreement provides that Plaintiffs' counsel may request up to 30% of the class fund but not more, plus reimbursement of litigation costs. The final determination of the appropriate attorney's fee will be made by the Court.

   d.   The remainder of the Class Fund (estimated to be above $20 Million)

6

shall be distributed to the class members (including Named Plaintiffs/Class Representatives) under a formula summarized below, and as set out in ¶¶ 5-9 of the Settlement Agreement (Exhibit A to the proposed Preliminary Approval Order), particularly ¶ 7.

e.  Claiming class members will receive four points for each day of Juvenile Hall custody, and one point for each day Juvenile Camp custody.

11.     Once the claims period closes, the claims administrator will calculate the total points for each claiming class members who submitted timely claims. Each class member's recovery will be determined based on that class member's percentage of the total points for all class members.

12.     The Class Fund is non-reversionary.

## IV.     CLASS ADMINISTRATOR

13.     The Court approves the retention of Simpluris as Class Administrator, to administer the distribution of the Class and Settlement Notice and publication of the Class and Settlement Notice, and to distribute the proceeds of the settlement to all eligible Class Members pursuant to the Plan set out in the Settlement Agreement (Exhibit A) should the Court grant final approval.

14.     The Class Administrator shall preserve all written communications from Class Members in response to the Class and Settlement Notice at least until seven years after final approval, or pursuant to further order of the Court. All written communications received by the Class Administrator from Class Members relating to the Settlement Agreement shall be available at all reasonable times for inspection and copying by Counsel for the Parties, and copies shall be regularly provided to Counsel for the Parties.

15.     The Class Administrator shall be compensated from the Class Fund for its services in connection with notice and administration and for the costs of giving mailed and published notice, and the other services it performs, pursuant to such orders as the Court may enter from time to time.

16.    Prior to entry of the Final Order of Approval of Settlement, the Class Administrator will not accrue any costs not itemized in Exhibit C unless agreed to by the Plaintiffs' counsel and approved by the Court. If the Court does not enter the Final Order of Approval and Settlement, then all such funds paid to the Class Administrator, to the extent they are available after payment of all accrued class administration expenses, shall be returned to Defendants.

17.    If this settlement does not go through for any reason, a new settlement is not reached, the case goes to trial, and Plaintiffs are not successful in their prosecution of the case, Defendants shall not seek reimbursement from Plaintiffs of class administration funds paid under this settlement.

**V.    CLASS COUNSEL**

18.    Barrett S. Litt and Lindsay Battles of McLane, Bednarski & Litt, and Scott B. Rapkin and Michael S. Rapkin of Rapkin & Associates are hereby confirmed as counsel for the Class Representatives and the Class ("Class Counsel").

19.    Class Counsel are authorized to act on behalf of the Class with respect to all acts or consents required by or which may be given pursuant to the Settlement, and such other acts reasonably necessary to consummate the Settlement.

**VI.    CLASS AND SETTLEMENT NOTICE**

20.    Class Counsel shall provide the Class and Settlement Notice to the Class Administrator for distribution according to the schedule set forth above. Such notice shall be in substantially the form as proposed in Exhibit B to the Settlement Agreement and shall be communicated as provided in Section II above (providing for both text message, email and regular mail notice); returned mail shall be subject to follow up mailings after appropriate searches of the available databases. No notice by publication shall be required because such notice has not proven effective at reaching class members, and the resources are better spent on

attempting to reach class members through electronic email and other means of electronic outreach. See revisions to F.R.Civ.P 23 (c)(2)(B) effective December 2019 (acknowledging that notice "may be by … electronic means, or other appropriate means" in addition to or in lieu of United States mail).

21.    Defendants represent that they will provide if possible, the name, address, social security number, date of birth, driver's license information, and any other identifying information of Damages Class Members, to the Class Administrator. Such information shall be confidential and may not be disclosed to anyone except the Class Administrator, designated representatives of Defendants. Should the Defendants discover at any time any additional information containing relevant class information, they shall promptly provide it to the Class Administrator. In addition, class member identifying will be made available to class counsel for the purpose of facilitating class notice, calculating distribution amounts, and assisting in resolving class member disputes regarding claims validity and distribution amounts.

22.    To the extent that a Court Order is needed to obtain class member data from the Los Angeles County Juvenile Court, the parties will meet and confer and then seek the Court's assistance and/or guidance.

23.    At least seven days before the Fairness Hearing, Class Counsel and/or the Class Administrator shall serve and file a sworn statement by the Class Administrator attesting to compliance with the provisions of this Order governing Class and Settlement Notice. This shall include a list of all people who have opted out of the class.

24.    The Court approves the Class and Settlement Notice attached as Exhibit B.

25.    The Court approves the Class Administrator Bid attached as Exhibit C.

26.    The Court finds that the notice required by the foregoing provisions of

this Order is the best notice practicable under the circumstances and shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all Class Members and other persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23 Federal Rules of Civil Procedure and due process.

## VII.    THE FAIRNESS HEARING

27.    A Fairness Hearing shall be held on _____, to consider: (a) the fairness, reasonableness, and adequacy of the Settlement; (b) whether a Final Order of Approval and Settlement should be entered in its current or some modified form; and (c) the application by Class Counsel for attorneys' fees and expenses (the "Fee Motion").

28.    At least two weeks prior to the Fairness Hearing, Plaintiffs shall submit a proposed Final Approval Order, which shall be approved by Defendants. That proposed order will contain the final provisions the Parties seek the Court to finally approve and the Parties' proposed court orders related to any objections that have been filed. It will not be necessary to file a separate motion for final approval.

29.    The date and time of the Fairness Hearing shall be set forth in the Class and Settlement Notice but shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted at the Court and on the Court's and the settlement web site.

30.    Any Class Member who objects to the approval of the Settlement Agreement, the Fee Motion, the Named Plaintiffs' incentive awards or the proposed allocation of damages among class members may appear at the Fairness Hearing and show cause why any one of the foregoing should not be approved as fair, reasonable, and adequate, and why the Final Order of Approval and Settlement should not be entered, except that no such Class Member may appear at the Fairness Hearing unless the Class Member, no later than _____ [the date to

file objections to the Settlement] (a) files with the Clerk of the Court a notice of such person's intention to appear, a statement that indicates the basis and grounds for such person's objection to the Settlement Agreement, the Fee Petition, the Named Plaintiffs' incentive awards or the proposed allocation of damages among class members, and all documentation, papers, or briefs in support of such objection; and by the same date (b) serves upon all Counsel to the Parties (as listed in the Class Notice), either in person or by mail, copies of such notice of intention to appear, statement of objections and all documentation, papers, or briefs that such person files with the Court. The required documentation shall include the information requested on the Claim Form. Final determination of whether any such objector is a Class Member who has standing to object shall be determined solely from the Defendants' and government records, from which the list of Class Members has been compiled. In the absence of the timely filing and timely service of the notice of intention to appear and all other materials required by this paragraph, any objection shall be deemed untimely and denied. Whether the Court will allow any objecting Class Member to speak at the argument is subject to the Court's discretion, and is not required by this Order.

31.    Pending final approval of the Settlement Agreement, no Class Member shall, either directly, representatively, or in any other capacity, commence, prosecute against any Defendant or participate in any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released by the Settlement Agreement upon final approval.

32.    In the event of final approval of the Settlement Agreement, all Damages Class Members (except those who have opted out) shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released by the Settlement Agreement, and all such Class Members shall be deemed to have forever released any and all such matters, claims and causes of action as provided for in the Settlement Agreement.

11

## VIII.  __OTHER PROVISIONS__

33.    The Court approves the parties' plan to use text messages to both issue class notice and reminder messages for those class members for whom the Claims Administrator is able to locate mobile phone numbers. In sending notice and reminders via text, recipients shall have the ability to "unsubscribe" themselves from further messages.

34.    To the extent not otherwise specifically addressed in this Order, Defendants and Class Counsel shall comply with the provisions of the Settlement Agreement.

35.    In the event the Settlement is not finally approved or is otherwise terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Defendants, and Class Members.

IT IS SO ORDERED.

DATED: March 18, 2025

HERNAN D. VERA
UNITED STATES DISTRICT JUDGE

12